Freeman, J.,
delivered the opinion of the Court.
At September Term, 1873, George R. Powell, tax collector of Shelby county presented his report in proper form; under former laws, showing the taxes due and unpaid on Lot No. 35, in William’s sub-division in City of Memphis, and asked the court for an order of condemnation, and sale of said lot for the payment of said taxes. The taxes were due for the year 1872— the regular taxes for that year. . The Judge below declined to condemn the land, on the ground, that the law under which condemnation of land might be had in the Circuit Court, had been repealed by sec. 80 of the act of 1873.
An ingenious argument is now made to show that the former law was not repealed, as to taxes that had *445 been assessed and in process of collection before its passage. We have given to it the consideration due to it — and feel its force, but we are constrained to hold that the Legislature has not made the exception in such cases, or reservation, and we can not do so.
The language of the section is, "That all acts and parts of acts, upon the subject of assessment and collection of taxes and sales of lands for taxes, in conflict with the provisions of this act, and all other acts in conflict- with the provisions of this act, be and the same are hereby repealed," and then in concluding section, it is provided, that the act shall take effect from after the first day of April, 1873. Now, from and after this date, all acts authorizing the sale of lands for taxes, in the ordinary. process of their collection, stand repealed, and are out of the Statute Book practically. This act in its previous sections provides a complete system for making such sales, without condemnation by court, and a sale by order of court bn a different system, would be under a statute in conflict with the act of 1873.
Without expressing an opinion on the question definitely, we see. no reason why the tax collector in this case, may not proceed under the act of 1873, and make his sales according to its provisions.
Without a more elaborate discussion of the question, we affirm the judgment of the Court below.